IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, Plaintiff - Respondent, v. PRESTON SCOTT WALLACE, Defendant - Movant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:14-cr-218-CW<br>Related Case No. 2:16-cv-654-CW<br><br>Judge Clark Waddoups |
|---|---|

## INTRODUCTION AND BACKGROUND

This matter is before the court on various motions filed by Defendant Preston Scott Wallace. On June 16, 2015, the court sentenced Mr. Wallace to 84-months imprisonment for possession of cocaine with intent to distribute. Although the quantity of cocaine was below 50 grams, Mr. Wallace faced a guideline range of 151 to 188 months based on a career offender status. The parties entered into a Rule 11(c)(1)(C) agreement, however, which the court accepted for purposes of sentencing.

On June 13, 2016, Mr. Wallace filed a § 2255 Motion to correct his sentence on the basis that he was not a career offender and had been ill-advised by his counsel. The question of whether Mr. Wallace qualified as a career offender was subject to debate. As a compromise, the parties filed a Stipulated Response to the Motion, agreeing that Mr. Wallace "should be resentenced to 48 months in prison." Stipulated Response to Motion to Vacate, at 1 (ECF No. 17 in Case No. 2:16-cv-654); *see also* Hearing Tr., at 25-26 (ECF No. 73 in Case No. 2:14-cr-218)

(indicating the parties reached a compromise because there were risks of litigation). Although the 48-month term was above the guideline range for a non-career offender, the court accepted the parties' compromise and entered an Amended Judgment on June 16, 2017. The Amended Judgment stated the 48-month term was to run concurrent with sentences imposed in three State cases. Amended Judgment, at 2 (ECF No. 51).

Mr. Wallace then filed a new Motion for Reduction of Sentence on July 6, 2017. The court heard oral argument on the motion on January 9, 2018, and denied the motion. That decision is on appeal, and Mr. Wallace now seeks a stay of the amended sentence on the grounds that the guideline range was calculated improperly and that he was not given credit for time served in State custody. Mr. Wallace also moves for leave to proceed in forma pauperis on appeal and for payment of transcript fees. For the reasons stated below, the court grants Mr. Wallace's motions to proceed in forma pauperis and for payment of transcript fees. It denies the remaining motions.

## ANALYSIS

I.  **FINANCIAL ABILITY**

Mr. Wallace moves to proceed in forma pauperis and for payment of necessary transcript fees. Mr. Wallace "was determined to be financially unable to obtain an adequate defense in his criminal case." Fed. R. App. P. 24(a)(3); Minute Entry (ECF No. 7) (finding Defendant eligible for CJA appointment). Moreover, he has provided a new affidavit showing that he meets the requirements to proceed in forma pauperis. Pursuant to Rule 24 of the Federal Rules of Appellate Procedure and the new affidavit, the court grants Mr. Wallace's motion for leave to proceed in forma pauperis (ECF Nos. 68 and 72). It also grants Mr. Wallace's motion for payment of necessary transcript fees (ECF No. 71).

## II.     MOTION TO STAY

Mr. Wallace moves to stay his sentence while his appeal is pending because the appeal process likely will exceed the time remaining on his sentence. He contends that if the court's decision is reversed on appeal, he will have suffered irreparable harm from an excessive sentence. Mr. Wallace relies upon 18 U.S.C. § 3143(b)(1)(A) and (B)(iv). Section 3143 starts with the presumption that a person who has been sentenced will be imprisoned. *Id.* § 3143(b)(1). To overcome the presumption, several factors must be established, including "that the appeal . . . raises a substantial question of law or fact *likely to result in* . . . a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." *Id.* § 3143(b)(1)(B)(iv) (emphasis added).

Mr. Wallace contends the court failed to apply Amendment 782 when calculating the guideline range for his offense. Had that Amendment been applied, Mr. Wallace contends it would have resulted in a two-point reduction. Thus, he asserts he is likely to prevail on appeal and obtain a reduced sentence. The court disagrees.

### A.     Sentencing Agreement Not Based on Guideline Range

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Wilkerson*, 485 Fed. Appx. 318, 321 (10th Cir. 2012) (quotations and citations omitted); *see also* 18 U.S.C. § 3582(c). One exception to this rule is if a defendant was sentenced based on a guideline range and the Sentencing Commission subsequently lowered that range, then a defendant may be re-sentenced. 18 U.S.C. § 3582(c)(2). The Supreme Court interpreted this provision in *Freeman v. United States*, 564 U.S. 522 (2011). Under a plurality decision, the holding provides that when the parties have agreed to a sentence, that agreement is based on the sentencing guideline range

only if the agreement expressly uses that range "as the basis or foundation for the term of imprisonment." *Id.* at 534-35 (Sotomayor, J., concurring); *United States v. Vielmas-Valdiviezo*, 676 Fed. Appx. 807, 810 (10th Cir. 2017) (stating that Justice Sotomayor's concurrence in *Freeman* is controlling); *cf United States v. Pam*, 867 F.3d 1191, 1198-99 (10th Cir. 2017). If the agreement and subsequent sentence were not based on the guideline range, the Court concluded 18 U.S.C. § 3582(c)(2) has no applicability. *Freeman*, 564 U.S. at 534-35.

In this case, Mr. Wallace's original sentence was not based on the guideline range. The 11(c)(1)(C) agreement merely stated "the sentence imposed by the Court will be 84 months imprisonment, and [the parties] further agree that 84 months is a reasonable sentence." Statement in Advance of Plea, at ¶ 12.b (ECF No. 28). The court accepted the agreement and imposed sentence in accordance with it.

When Mr. Wallace subsequently filed a § 2255 motion to reduce his initial sentence based on new rulings by the Supreme Court, the United States agreed Mr. Wallace's sentence should be reduced. The parties entered into a new stipulated agreement, which stated, "the parties jointly agree that petitioner should be resentenced to 48 months in prison, with all other terms of the judgment remaining the same." Stipulated Response to Motion to Vacate, at 1 (ECF No. 17 in Case No. 2:16-cv-654). The new agreement did not reference the guideline range either for a career offender or a non-career offender. The parties merely agreed upon a term of imprisonment, due to their respective risks of litigations, which the court accepted. Based on *Freeman* and the facts of this case, the court concludes it lacks authority under Section 3582(c)(2) to modify Mr. Wallace's decision.

## B. Amendment 782 Was Applied at the Time of Mr. Wallace's First Sentencing

Even if the parties' agreement had been based on the sentencing guideline range, however, Mr. Wallace still has failed to show his sentence is likely to be reduced. Mr. Wallace contends he was entitled to a two-point reduction based on Amendment 782, which he states is "known as the 'All Drugs Minus Two' amendment." Mot. to Reduce Sentence, at 6 (ECF No. 52). Mr. Wallace was first sentenced on June 18, 2015. Since Amendment 788 directs courts not to order a reduced term of imprisonment based on Amendment 782 until November 1, 2015 or later, Mr. Wallace contends his original sentence must not have incorporated the two-point reduction. Thus, when the court applied the same base offense level when it resentenced Mr. Wallace on June 16, 2017 as it did in June 2015, he contends the court must have erred. Mr. Wallace misunderstands to whom the November 1, 2015 date applies.

Amendment 782 became effective on November 1, 2014. A person sentenced *after* November 1, 2014 had the benefit of Amendment 782 at the time of sentencing. For those sentenced *before* Amendment 782's effective date, the Sentencing Commission concluded the Amendment should be applied retroactively, such that those prior sentences also could be reduced. 79 Fed. Reg. 44,973 (Aug. 1, 2014). To decrease administrative burdens, however, and to help ensure offenders were prepared adequately for reentry into society, the Commission directed courts not to reduce those prior sentences until November 1, 2015 or later. *Id.* at 44,974. Thus, the November 1, 2015 date only applies to those offenders whose sentences are modified retroactively because their original sentencing occurred prior to Amendment 782's effective date of November 1, 2014. In contrast, offenders who were sentenced for the first time *after* November 1, 2014 had the benefit of Amendment 782 at the time of sentencing.

Since Mr. Wallace's original sentencing was after November 1, 2014, he had the benefit of Amendment 782 at the time of sentencing. Accordingly, his appeal is not likely to result in a reduced sentence.[1] The court therefore denies Mr. Wallace's Motion to Stay (ECF No. 65). Because Mr. Wallace is unlikely to prevail on the merits of his claim, the court also denies his Motion for Summary Judgment by Default (ECF No. 70).

## III.   MOTION TO MODIFY SENTENCE

Alternatively, Mr. Wallace moves to modify his sentence on a ground first raised during the hearing on January 9, 2018. During the hearing, the court granted Mr. Wallace leave to file a motion regarding his allegation that the Bureau of Prisons ("BOP") "has not followed the court's order that his federal sentence be served [concurrently] with his state sentences." Minute Entry (ECF No. 61); *see also* Hearing Tr., at 35-27 (ECF No. 73). When the court first sentenced Mr. Wallace, its judgment stated, "Sentence is to run concurrent with sentences imposed in Case Nos. 971900550, 051101057 and 061400876 before the Third District Court for Salt Lake County, State of Utah." Judgment, at 2 (ECF No. 37). Upon resentencing, the court repeated the directive verbatim. Amended Judgment, at 2 (ECF No. 51).

---

[1]   A further reason to deny Mr. Wallace's motion exists due to an anomaly in the Drug Quantity Table. In 2013, a person convicted of having less than 25 grams of cocaine had a base offense level of 12. U.S. Sentencing Guidelines Manual, § 2D1.1(c)(14) (2013). A person convicted of having at least 25 grams but less than 50 grams of cocaine had a base offense level of 14. *Id.* § 2D1.1(c)(13). Amendment 782 eliminated the category of those having "less than 25 grams of cocaine," and those having "at least 25 grams but less than 50 grams" and replaced both with those having "less than 50 grams of cocaine." *Compare* U.S. Sentencing Guidelines Manual, §§ 2D1.1(c)(13)-(14) (2013) *with* U.S. Sentencing Guidelines Manual, §§ 2D1.1(c)(13)-(14) (2014). It then specified that anyone in that category had a base offense level of Level 12. Because Amendment 782 eliminated the "less than 25 grams" category, anyone who previously fell under that category did *not* receive a two-point reduction to a Level 10. Instead, those individuals remained at a Level 12 after Amendment 782 because they fell under the new category of having "less than 50 grams of cocaine."

Mr. Wallace contends the BOP has not followed the court's directive because the court did not properly follow the procedures outlined in Section 5G1.3 of the Sentencing Guidelines Manual. Section 5G1.3(b)(1) states that if a court believes the BOP will not credit time already served by a defendant, then the sentence should be adjusted to account for that time. Notably, however, Section 5G1.3(b)(1) requires that the time already served be for "relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct)."[2] Sections 1B1.3(a)(1)(A) and (a)(1)(B) apply to "all acts and omissions" and "jointly undertaken criminal activity . . . that occurred *during the commission of the offense of conviction*." (Emphasis added.)

Mr. Wallace was convicted in state court for manslaughter in 1997, assault by a prisoner in 2005, and possession of prohibited items in a correctional facility in 2006. While on parole, Mr. Wallace was stopped for a traffic violation on October 3, 2013, along with two other people who were in the vehicle. A search of the vehicle located a firearm, drug paraphernalia, marijuana, and cocaine. Mr. Wallace immediately was taken to a Utah State prison for an alleged parole violation. He now seeks credit for the time he spent in State prison from October 3, 2013 until he was originally sentenced in this case on June 16, 2015. Although Mr. Wallace returned to State prison, it was for an alleged parole violation that allowed the State to return him to prison to serve the remaining time on his three prior convictions. Those prior convictions are unrelated to the crime for which he pled guilty in this case, namely, possession of cocaine. Stated differently, while the alleged parole violation precipitated Mr. Wallace's return to prison, the acts for which Mr. Wallace was serving time in State prison were for his State crimes and not

---

[2] This language was the same in the 2014 and 2016 Guideline Manuals.

for the crime at issue in this case. Thus, the acts for which he served time did not occur during the commission of the offense of conviction in this case. Accordingly, Section 1B1.3(a)(1)(A) and (a)(1)(B) are inapplicable.

Sections 1B1.3(a)(2) and (a)(3) are dependent upon the acts or omissions described in Section 1B1.3(a)(1)(A) and (a)(1)(B). They do not support that Mr. Wallace served additional time in State prison due to relevant conduct. Thus, Section 5G1.3(b) is inapplicable and the BOP did not err when it refused to credit the time from October 3, 2013 to June 16, 2015.

The refusal to credit time before sentencing is separate from the court ordering that his federal sentence should run concurrent with his state sentence following sentencing. As explained by his counsel during Mr. Wallace's original sentencing:

> This offense was committed while he was on parole and that's what he's serving time for is for the parole violation.
>
> But, Your Honor, . . . Mr. Wallace has zero days credit for time served in this matter. He has remained in state custody. He has spent 611 days as of today in custody on this case. And so when he goes off in his sentence today he will begin to receive his credit for time served. So our position is because he has served nearly two years on this parole violation with the state, he is starting with the 84 months starting today, he has received punishment, the goals of deterrence have been met with the two years that he has already received. *So going forward it makes the most sense to run these cases concurrent* because we're not achieving any additional goals, we're not achieving any additional deterrence on Mr. Wallace because he has been significantly deterred from this.

Hearing Tr., at 8-9 (ECF No. 47) (emphasis added). There is no indication that the BOP failed to run the federal and state times concurrently following Mr. Wallace's conviction in this case. The court therefore denies Mr. Wallace's motion to modify sentence.

## IV.     CERTIFICATE OF APPEALABILITY

When a district court issues a final order in a proceeding under section 2255, the court must address whether a certificate of appealability should be issued. "A certificate of

appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Wallace has failed to make a substantial showing that he was denied a constitutional right with respect to his sentencing. Accordingly, the court denies a certificate of appealability with respect to his Motion to Stay (ECF No. 65).

As to his Motion to Modify Sentence, the court has concluded the time Mr. Wallace spent in State prison was for conduct not relevant to the offense of conviction. Because the law in this area is evolving, the court issues a certificate of appealability solely on Mr. Wallace's Motion to Modify Sentence under Section 5G1.3 (ECF No. 67).

## **CONCLUSION**

For the reasons stated above, the court:

1. DENIES Mr. Wallace's Motion to Stay Remainder of Prison Sentence (ECF No. 65) and Motion for Summary Judgment by Default regarding the same (ECF No. 70);

2. DENIES Mr. Wallace's Motion to Modify Sentence (ECF No. 67) and Motion for Summary Judgment by Default regarding the same (ECF No. 69);

3. GRANTS Mr. Wallace's Motion for Leave to Appeal in Forma Pauperis (ECF No. 68) and Motion for Summary Judgment regarding the same (ECF No. 72);

4. GRANTS Mr. Wallace's Motion for Payment of Transcript (ECF No. 71).

DATED this 26th day of June, 2018.

BY THE COURT:

_____
Clark Waddoups
United States District Court Judge